IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

        Plaintiff,

      v.

BARBARA ALFANO, et al.,

        Defendants.

Case No. 3:13-cv-02110-PA

ORDER

PANNER, Judge.

    Plaintiff, an inmate at FDC Sheridan, brings this civil rights action *pro se.* Currently before the court is plaintiff's "Emergency Motion for TRO/Preliminary Injunction" (#3) ("Motion"). For the reasons that follow, the court DENIES plaintiff's Motion.

## BACKGROUND

    Plaintiff's Complaint alleges defendant Barbara Alfano, a deputy United States Marshal, violated plaintiff's Fourth Amendment rights when she seized money and property in plaintiff's possession in the course of arresting plaintiff pursuant to a

1 - ORDER -

warrant.    Plaintiff also alleges Alfano published a flyer concerning plaintiff which contained inaccurate information about his criminal history.    In his Motion, plaintiff does not articulate the emergency relief sought.    In his memorandum filed in support of the motion, however, plaintiff indicates he seeks the return of his currency and property and an order enjoining Alfano from continuing to disseminate "incorrect, false, and/or inflammatory information" regarding plaintiff.

### LEGAL STANDARDS

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.    11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (3d. 1998); see Fed. R. Civ. P. 65(b).  Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  Munaf v. Geren, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing

claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008) (citation omitted).

A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006), *overruled on other grounds*, *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id*. A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). The standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. *Los Angeles Unified Sch. Dist.*, 650 F.2d at 1008.

## DISCUSSION

Plaintiff fails to establish he is personally subject to the immediate possibility of irreparable harm.  Plaintiff argues the return of monies seized upon his arrest are necessary to prevent his eviction and pay bills.  Plaintiff goes on to state, however, that he has already been evicted from his residence.  Moreover, the Court notes that District Judge Michael Mosman entered a Judgment of Revocation of Probation or Supervised Release on December 6, 2013, in the case of *United States v. Bonneau*, Case No. 3:10-cr-00402-MO-1 sentencing Plaintiff to 24 months of incarceration.  As such, Plaintiff has not established the immediate possibility of irreparable harm if the monies seized upon his arrest are not returned.

Plaintiff also argues the dissemination of alleged false information caused his eviction from his residence and caused him to suffer severe emotional distress.  Again, however, Plaintiff's current incarceration precludes him from prevailing on a claim that he will suffer the immediate possibility of irreparable harm. Accordingly, Plaintiff is not entitled to a temporary restraining order or preliminary injunctive relief.

/ / / /

/ / / /

/ / / /

/ / / /

4 - ORDER -

**CONCLUSION**

For these reasons, the court DENIES Plaintiff's Emergency Motion for TRO/Preliminary Injunction (#3).

IT IS SO ORDERED.

DATED this _16_ day of January, 2014.

Owen M. Panner
United States District Judge