IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

          Plaintiff,

    v.

BARBARA ALFANO, et al.

          Defendants.

Case No. 3:13-cv-02110-PA

ORDER

PANNER, Judge.

Plaintiff, an inmate at the United States Penitentiary at Lompoc, California, brings this civil action *pro se*. On January 16, 2014, this court issued an Order granting Plaintiff's application to proceed *in forma pauperis* ("IFP"). On April 15, 2014, this court issued an Order requiring plaintiff to show cause why his IFP status should not be revoked. *See* 28 U.S.C. § 1915(g). Currently before the court is plaintiff's response to the Order to Show Cause (#29).

1 - ORDER -

Plaintiff argues the court § 1915(g) should not be applied to revoke his IFP status on three bases: (1) plaintiff does not have a history of abusive filings because he engaged in previous successful litigation efforts in this court; (2) three of the five cases cited in the order denying IFP were dismissed after the plaintiff was released from custody to parole; and (3) the five cases listed in the order denying IFP did not qualify as "strikes."

## I.    Prior Successful Litigation

Petitioner first argues § 1915(g) should not be applied to preclude IFP status because he does not have a history of abusive filings. In support of his argument, Plaintiff cites several instances in which he was wholly or partially successful in his litigation efforts in criminal, civil rights, and habeas proceedings in this court. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statute contains no provision directing a court to review a prisoner's prior litigation successes in determining whether IFP status may be granted. Accordingly,

2 - ORDER -

plaintiff's prior successes in his criminal, civil, and habeas actions are irrelevant to the application of § 1915(g).

## II.  Dismissals After Plaintiff's Release from Custody

Plaintiff argues three of the five cases cited by the court in the order denying IFP status were dismissed after Plaintiff was released from custody and, as such, do not qualify as strikes because Plaintiff was no longer a "prisoner" for the purposes of § 1915(g).  In support of his argument, plaintiff relies upon the Ninth Circuit Court of Appeals decision in *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011), where the court held a plaintiff is no longer a "prisoner" for the purposes of § 1915(g) when the plaintiff has been released on parole or supervised release.  *Moore*, however, focused on whether the prisoner's release from jail to parole during the pendency of his action rendered moot his appeal from the order denying his IFP application.  That is not the focus here, and the Ninth Circuit has not yet addressed the issue whether a dismissal entered in an action after the previously-confined plaintiff has been released from custody is a "strike".

As noted above, § 1915(g) applies when "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought* an action or appeal in a court of the United States."  (Emphasis added).  As the Eleventh Circuit Court of Appeals phrased it in the context of construing another provision

3 - ORDER -

of the Prison Litigation Reform Act, "the dispositive question is whether "bring" means to commence or start a lawsuit, or instead means to maintain or continue it to conclusion." *Harris v. Garner*, 216 F.3d 970, 973 (11th Cir. 2000).[1]   After an extensive discussion on the topic, the court concluded that "brought" means "commenced." *Id.* at 974.   As such, the court concluded that the § 1997e(e) bar depends on the confinement status of the plaintiff at the time the lawsuit was commenced. *Id.*

This court agrees, and applies the same interpretation to 28 U.S.C. § 1915(g).   Plaintiff does not dispute that he was a prisoner at the time he *brought* the actions cited in the order denying his IFP application.   Because he was imprisoned at the time he commenced the actions, his custody status at the time the dismissals were entered is irrelevant.

**III. Cases Qualifying as "Strikes" for the Purposes of § 1915(g)**

Finally, plaintiff argues the five cases cited in the order denying his IFP application did not qualify as "strikes" for the purposes of § 1915(g).   Plaintiff's argument is without merit. Upon re-review of the Orders and Judgments of dismissal entered in

---

[1]The provision at issue in *Harris* was 42 U.S.C. § 1997e(e), which provides "[n]o Federal civil action may be *brought* by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."   (Emphasis added).

the cases cited, all clearly qualified as "strikes" for the purposes of § 1915(g).

## CONCLUSION

Plaintiff failed to establish that 28 U.S.C. § 1915(g) should not be applied. Accordingly, IT IS ORDERED that plaintiff's *in forma pauperis* status is hereby REVOKED. Plaintiff shall have 30 days from the date of this Order to pay the $400.00 filing and administrative fee. Plaintiff is advised that failure to do so shall result in the dismissal of this action.

IT IS SO ORDERED.

DATED this ___9___ day of May, 2014.

_____
Owen M. Panner
United States District Judge